**Dismissed and Memorandum Opinion filed January 8, 2015.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-14-00946-CV**

## EX PARTE ANTONIO SEPEDA

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 14-CV-0020**

# M E M O R A N D U M   O P I N I O N

Appellant Antonio Sepeda, a pro se inmate incarcerated in the Institutional Division of the Texas Department of Criminal Justice, filed a notice of restricted appeal on November 3, 2014, stating that he sought to appeal an order signed by the trial court on June 13, 2014, in the underlying expunction suit brought under article 55.01 of the Texas Code of Criminal Procedure. Appellant also filed an affidavit of inability to pay costs of the appeal. *See* Tex. R. App. P. 20.1.

Chapter 14 of the Texas Civil Practice and Remedies Code governs inmate litigation when the inmate claims an inability to pay costs. When an inmate litigant

files an affidavit or unsworn declaration of inability to pay costs, Chapter 14 requires the inmate to file an additional affidavit or declaration setting forth specific details of all previous actions filed pro se, other than a suit brought under the Texas Family Code. Tex. Civ. Prac. & Rem. Code § 14.004(a). In addition, the inmate must file a "certified copy of the inmate's trust account statement" that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." Tex. Civ. Prac. & Rem. Code § 14.004(c). As amended effective January 1, 2012, the requirements in Chapter 14 apply to appeals and original proceedings in an appellate court. *Douglas v. Moffett*, 418 S.W.3d 336, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing Tex. Civ. Prac. & Rem. Code § 14.002(a)). Appellant did not file an affidavit of previous filings or a certified copy of his trust fund statement when he filed the notice of appeal in this case.

Moreover, the clerk's record filed in this appeal does not contain an appealable order. The record reflects a notice was sent to appellant stating that a hearing was set on June 13, 2014, in the underlying suit. It is unclear whether a hearing was held; but the appellate record reflects that no order was signed.[1] Unless an exception applies, a final judgment or order disposing of all of the parties and issues in a case is a prerequisite to an appeal. *See Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 & n. 12 (Tex. 2001). This court lacks jurisdiction over an appeal that is not based on a signed trial court order. *See* Tex. R. App. P. 25.1(b) (providing that filing a notice of appeal invokes the appellate court's jurisdiction over parties to the trial court's judgment or order appealed from).

---

[1] The case summary contained in the record bears a notation after the entry for the June 13, 2014 expunction hearing that the matter was "taken under advisement." After the entry for appellant's notice of appeal, the case summary states, "No order signed on and no hearing held on 6-13-14."

2

On December 3, 2014, this court notified appellant that the appeal was subject to dismissal unless he filed a response demonstrating our jurisdiction and containing the documents necessary for compliance with section 14.004 of the Texas Civil Practice and Remedies Code. *See Douglas,* 418 S.W.3d at 339.

In appellant's response to our notice, he first requests that we treat his attempted appeal as a petition for writ of mandamus, acknowledging that the trial court has failed to take action on his petition for expunction. Secondly, he asks that we consider his affidavit of indigence and declaration of previous filings filed January 6, 2014, in the trial court and an order signed by the court below permitting him to proceed in forma pauperis to satisfy his compliance with section 14.004 of the Texas Civil Practice and Remedies Code.

Based on the record and appellant's response, it is clear that we lack jurisdiction over this attempted appeal. Accordingly, we next consider appellant's request that we treat the appeal as a petition for writ of mandamus. *See CMH Homes v. Perez*, 340 S.W.3d 444, 453–54 (Tex. 2011) (directing interlocutory appeal to be treated as a petition for writ of mandamus in the interest of judicial economy).

Because an inmate's list of previous filings and trust account balance may change between the time the suit is filed and an appeal is later brought, an inmate must satisfy the requirements of Chapter 14 when filing an appeal or original proceeding in an appellate court. *Douglas*, 418 S.W.3d at 340 (citing Tex. Civ. Prac. & Rem. Code § 14.002(a)). Therefore, appellant was required to file a new affidavit of previous filings and a certified copy of his current inmate's trust account statement in this court, whether he seeks to appeal or to file an original proceeding such as a petition for writ of mandamus, but he did not do so. We may not rely on appellant's filings in the court below to satisfy Chapter 14. *See*

3

*Douglas,* 418 S.W.3d at 338–41 (dismissing where inmate did not file a new affidavit of previous filings and updated inmate's trust account statement, even though these documents had been filed previously in the court below).

Appellant has not complied with Chapter 14's requirements for proceeding without costs in the appellate court. Accordingly, we decline to exercise our discretion to consider this attempted appeal as a petition for writ of mandamus.

We dismiss the appeal for want of jurisdiction without prejudice to appellant's ability to file a petition for writ of mandamus in compliance with applicable appellate rules and Chapter 14 of the Texas Civil Practice and Remedies Code.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Boyce and McCally.