

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00431-CV

IN RE BRIAN DAMON WARD, RELATOR

ORIGINAL PROCEEDING

January 20, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Relator, Brian Damon Ward, apparently attempting to proceed *pro se* and *in forma pauperis*, seeks mandamus relief. It is unclear after reviewing Ward's petition for writ of mandamus exactly what relief he is seeking. It appears that Ward is seeking reversal of a judgment dismissing his claims for want of prosecution in trial court cause number V-100850-00-B. We will deny the petition.

After receiving Ward's petition on December 12, 2014, this Court sent Ward notice that a $145.00 filing fee applied to his petition. This notice informed Ward that he must either pay the fee or file an affidavit of indigence with this Court by January 9, 2015. Further, this notice directed Ward to file an Affidavit Relating to Previous Filings

and a certified copy of his inmate trust account if he files an affidavit of indigence. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (West Supp. 2014); *Douglas v. Moffett*, 418 S.W.3d 336, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The Court's notice informed Ward that failure to comply with the directives of the Court would subject his original proceeding to dismissal without further notice. *See* TEX. R. APP. P. 42.3(c). Ward filed a motion to proceed *in forma pauperis* and an affidavit of indigence on January 16, 2015. While these filings included a certified copy of Ward's inmate trust account, it did not include an affidavit relating to previous filings. As such, Ward has failed to meet with the legal requirements to proceed as an indigent and failed to comply with the directives of this Court.

Much of the confusion relating to Ward's petition for writ of mandamus arises because the petition does not satisfy the mandatory requirements of Rule 52.3 of the Texas Rules of Appellate Procedure.[1] Relator's *pro se* status does not exempt him from complying with the rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

We deny Ward's petition for mandamus relief for failure to comply with a directive of this Court and the applicable rules of procedure. *See* TEX. R. APP. P. 42.3(c).

Mackey K. Hancock
Justice

---

[1] Specifically, the petition does not identify the parties and their counsel, include a table of contents, include an index of authorities, include a statement of the case, include a statement of jurisdiction, identify the issues presented, include a clear and concise argument, contain a short conclusion that clearly states the nature of the relief sought, include a certification, and include an appendix with necessary documents. *See* TEX. R. APP. P. 52.3(a)-(f), (h)-(k).