**Dismissed and Opinion filed December 3, 2013.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

———————————

**NO. 14-12-00321-CV**

———————————

**RALPH O. DOUGLAS, Appellant**

**V.**

**MARISA A. MOFFETT and KYLE A. THORNTON, Appellees**

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 67267I**

## O P I N I O N

Appellant Ralph O. Douglas, an inmate incarcerated in the Terrell Unit of the Texas Department of Criminal Justice (TDCJ), challenges the trial court's dismissal of his civil action against appellees, Marisa A. Moffett and Kyle A. Thornton, both TDCJ employees. Because we conclude that Douglas failed to comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code on appeal, we dismiss his appeal without reaching the merits of his challenge to the trial court's dismissal.

BACKGROUND

Douglas filed a Step 1 Offender Grievance Form against TDCJ Sergeant Marisa A. Moffett for alleged retaliation against him.[1] Appealing an unfavorable response to his Step 1 grievance, Douglas filed a Step 2 Offender Grievance Form against Sergeant Moffett. On January 24, 2012, Douglas received an unfavorable decision on his Step 2 grievance. Douglas, proceeding *pro se* and *in forma pauperis*, then filed suit in the 412th District Court of Brazoria County against TDCJ Sergeant Moffett and TDCJ Officer Kyle A. Thornton.[2] Douglas's original petition and attached documents—including an unsworn declaration of his previous filings and a certified copy of his inmate trust account statement[3]—were filed with the trial court on February 28, 2012.[4] On March 13, the trial court dismissed Douglas's suit

---

[1] An inmate must exhaust all administrative remedies available in the prison grievance system prior to seeking judicial review in state court. Tex. Gov't Code Ann. § 501.008(d) (West 2012) (providing that inmate may not file claim in state court until inmate has received a written decision by highest authority in the grievance system, or 180th day after grievance is filed if no decision is received); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a)(1) (West 2002) (mandating that inmate who files claim subject to TDCJ grievance system file an affidavit or unsworn declaration stating date grievance was filed and date inmate received written grievance decision). Section 501.008 of the Government Code and section 14.005 of the Civil Practices and Remedies Code "allow the trial court to ensure that an inmate proceeding *in forma pauperis* has first used TDCJ's grievance procedure and has exhausted his administrative remedies through the prison grievance system before filing suit on the same operative facts." *Hill v. Smith*, No. 14-11-00773-CV, 2012 WL 8017140, at *2 (Tex. App.—Houston [14th Dist.] Feb. 16, 2012, no pet.) (per curiam) (mem. op.). Here, Douglas was required to, and subsequently did, exhaust all administrative remedies available to him prior to filing his suit in the district court.

[2] Although his Step 1 and 2 Offender Grievance Forms allege that only Sergeant Moffett retaliated against him, Douglas's original petition alleges that Officer Thornton also engaged in, among other things, retaliatory behavior against him at the direction of Sergeant Moffett.

[3] Also attached to Douglas's original petition were (1) an unsworn declaration of inability to pay costs; (2) an unsworn declaration of exhaustion of administrative remedies; and (3) copies of the decisions on his Step 1 and 2 grievances.

[4] While the district court clerk file-stamped Douglas's petition and attached documents on February 28, 2012, a file-stamp indicates that the clerk actually received the filing on February 7, 2012. Thus, Douglas's filing was timely under Chapter 14. *See* Tex. R. Civ. P. 5; *see also*

2

as frivolous pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. Douglas filed a notice of appeal and an accompanying unsworn declaration of inability to pay costs in the trial court on March 27, 2012.

ANALYSIS

Chapter 14 of the Texas Civil Practice and Remedies Code governs inmate litigation when the inmate claims inability to pay costs. In its 2011 session, the Texas Legislature amended Chapter 14. Prior to the amendments, Chapter 14 "applie[d] only to a suit brought by an inmate in a district, county, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs [was] filed by the inmate."[5] In its pre-amended state, it was clear that "Chapter 14 [did] not apply to appellate courts." *Nabelek v. Garrett*, 94 S.W.3d 648, 649 (Tex. App.—Houston [14th Dist.] 2002, pet. dism'd w.o.j.); *see Jackson v. Tex. Bd. of Pardons & Paroles*, 178 S.W.3d 272, 277 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding procedural requirements of section 14.004 inapplicable to appellate filings).

The amendments to Chapter 14 became effective January 1, 2012. As amended, Chapter 14 now applies to "*an action, including an appeal* or original proceeding, *brought by an inmate in* a district, county, justice of the peace, or small claims court or *an appellate court,* including the supreme court or the court of criminal appeals, in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (West Supp. 2013) (emphasis added). "This means that the requirements of Chapter 14

---

*Warner v. Glass*, 135 S.W.3d 681, 682 (Tex. 2004) (per curiam).

[5] *See* Act of May 19, 1995, 74th Leg., R.S., ch. 378, sec. 2, 1995 Tex. Gen. Laws 2921, 2922 (amended 2011) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 14.002 (West Supp. 2013).

3

apply when inmates file an appeal or an original proceeding in the appellate court the same as when they file actions in the district, county, and justice courts." *Douglas v. Turner*, — S.W.3d —, —, 2013 WL 2245653, at *1 (Tex. App.—Waco May 9, 2013, no pet.); *see also Hickman v. Tex. Dep't of Criminal Justice*, No. 13-12-00437-CV, 2013 WL 3770916, at *2 (Tex. App.—Corpus Christi July 18, 2013, no pet.) (mem. op.).

An inmate proceeding *pro se* and *in forma pauperis* must comply with the procedural requirements of Chapter 14. Tex. Civ. Prac. & Rem. Code Ann. § 14.002; *see, e.g.*, *Offord v. Morales*, No. 14-10-00317-CV, 2011 WL 175507, at *1 (Tex. App.—Houston [14th Dist.] Jan. 20, 2011, no pet.). When an inmate litigant files an affidavit or unsworn declaration of inability to pay costs, Chapter 14 requires the inmate to file an *additional* affidavit or declaration setting forth specific details on all previous actions filed *pro se*, other than a suit brought under the Texas Family Code.[6] Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a) (West Supp. 2013); *see, e.g.*, *Douglas v. Porter*, No. 14-10-00055-CV, 2011 WL 1601292, at *2–3 (Tex. App.—Houston [14th Dist.] Apr. 26, 2011, pet. denied) (per curiam) (mem. op.). Furthermore, the inmate must file with this affidavit or declaration a "certified copy of the inmate's trust account statement" that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." Tex. Civ. Prac. & Rem. Code Ann. § 14.004(c) (West Supp. 2013), § 14.006(f) (West 2002); *see Jaxson v. Morgan*, No.

---

[6] For each *pro se* lawsuit an inmate has previously filed, other than one filed under the Family Code, Chapter 14 requires the inmate to specify the operative facts for which relief was sought, the case name, the cause number, the court in which it was brought, the names of the parties, and the result of the suit, including whether it was dismissed as frivolous or malicious. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(2)(A)–(D) (West Supp. 2013); *see also Barker v. Livingston*, No. 14-12-00254, 2012 WL 3866505, at *1 (Tex. App.—Houston [14th Dist.] Sept. 6, 2012, no pet.) (per curiam) (mem. op.).

14-04-00785-CV, 2006 WL 914199, at *2 (Tex. App.—Houston [14th Dist.] Apr. 6, 2006, no pet.) (mem. op.).

These and other required filings under Chapter 14 are "an essential part of the process by which courts review inmate litigation." *Turner*, — S.W.3d at —, 2013 WL 2245653, at *1 (quoting *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ)) (internal quotation marks omitted). The purpose of the affidavit of previous filings "is obvious: the Texas Legislature recognized the problem of constant, often duplicative, inmate litigation in this state, and sought to reduce it by requiring the inmate to notify the trial court of previous litigation and the outcome." *Bell v. Tex. Dep't of Criminal Justice–Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). Using the information in the affidavit, the trial court can "determine . . . if the suit [is] frivolous because the inmate ha[s] already filed a similar claim." *Id.* Similarly, "[t]he requirement of a certified account statement is exacting, but it serves an important role in allowing the trial court to determine if the litigant is indeed indigent and should be allowed to proceed without the payment of costs." *Williams v. Reece*, No. 12-06-00278-CV, 2007 WL 756102, at *2 (Tex. App.—Tyler March 14, 2007, pet. denied) (mem. op.). An *in forma pauperis* inmate's lack of economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits is controlled by this requirement that the inmate support an allegation of pauper status. *Hughes v. Massey*, 65 S.W.3d 743, 745 (Tex. App.—Beaumont 2001, no pet.); *Spellmon v. Sweeney*, 819 S.W.2d 206, 210 (Tex. App.—Waco 1991, no writ).

When an inmate does not provide a complete affidavit of previous filings, "the trial court is entitled to assume the [current action] is substantially similar to one previously filed by the inmate, and therefore, frivolous." *Bell*, 962 S.W.2d at 158;

5

*see also Hickman*, 2013 WL 3770916, at *2; *Turner*, — S.W.3d at —, 2013 WL 2245653, at *1. Thus, "a trial court may dismiss an indigent inmate's suit as frivolous" under section 14.003(a)(2) "without holding a hearing when an inmate fails to comply with the statutory requirements of section 14.004." *Porter*, 2011 WL 1601292, at *3 (citing *Gowan v. Tex. Dep't of Criminal Justice*, 99 S.W.3d 319, 321 (Tex. App.—Texarkana 2003, no pet.)).[7] Furthermore, when an inmate litigant fails to file the required inmate trust account statement, the court is entitled to assume that the allegation of indigency is false and may dismiss the suit under section 14.003(a)(1) without notice or hearing. *See Hickman*, 2013 WL 3770916, at *2; *Turner*, — S.W.3d at —, 2013 WL 2245653, at *1; *Amir–Sharif*, 243 S.W.3d at 857; *Jaxson*, 2006 WL 914199, at *2; *cf. Weisinger v. State*, No. 12-13-00152-CV, 2013 WL 3967659, at *2 (Tex. App.—Tyler July 31, 2013, no pet.) (dismissing appeal without notice where trust account statement showed allegation of indigency was false).

Because the inmate's list of previous filings and trust account balance may change between the time the suit and appeal are brought, we conclude, as other courts of appeals have, that the decisions interpreting these requirements of Chapter 14 at the trial court stage generally apply to appeals and original proceedings brought in an appellate court on or after January 1, 2012. Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (West Supp. 2013); *see Atkins v. Herrera*, Nos.

---

[7] *See also Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) ("Chapter 14 . . . grants trial courts special power to summarily dismiss prisoner suits, even in the absence of a hearing."); *Bohannan v. Tex. Bd. of Criminal Justice*, 942 S.W.2d 113, 116 (Tex. App.—Austin 1997, writ denied) (noting trial court may dismiss an inmate claim under the predecessor to section 14.003(a) before process is served, and holding inmate who claims inability to pay costs is not entitled to notice of dismissal or opportunity to amend); *Kendrick v. Lynaugh*, 804 S.W.2d 153, 156 (Tex. App.—Houston [14th Dist.] 1990, no writ) (applying the predecessor to section 14.003(a), holding trial court has no duty to suggest that inmate amend).

10-13-00283-CV, 10-13-00284-CV, 2013 WL 5526233, at *1 (Tex. App.—Waco Oct. 3, 2013, no pet.) (mem. op.); *Weisinger*, 2013 WL 3967659, at *1; *Hickman*, 2013 WL 3770916, at *2; *Turner*, — S.W.3d at —, 2013 WL 2245653, at *2. We therefore apply the decisions cited above to determine whether Douglas complied with Chapter 14.

Here, Douglas filed his notice of appeal and an accompanying unsworn declaration of inability to pay costs on March 27, 2012. But Douglas did not file on appeal either (1) the required *additional* affidavit or unsworn declaration of previous filings, or (2) a certified copy of his inmate trust account statement showing the balance at the time the appeal was filed and account activity during the six preceding months. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002(a), 14.004(a), 14.004(c) (West Supp. 2013), § 14.006(f) (West 2002); *see also Weisinger*, 2013 WL 3967659, at *1 (discussing requirements for trust account statement when inmate files appeal). Nor did Douglas provide on appeal any update to the declaration of previous filings and trust account statement he had submitted to the trial court with his original petition, or declare that the versions submitted to the trial court had not changed.[8]

Even after the Attorney General filed an *amicus curiae* brief pointing out Douglas's failure to comply with these requirements of Chapter 14 on appeal, Douglas did not attempt to comply. Instead, Douglas responded by contending that he satisfied all requirements to proceed on appeal without advance payment of costs because he filed an uncontested affidavit of indigence in compliance with Texas Rule of Appellate Procedure 20.1(a)(1)–(3). This rule does not supersede the

---

[8] Douglas's trial court declaration of 21 previous filings also appears to be incomplete when compared to the list of Douglas's 27 previous appeals we compiled in *Douglas v. Porter*, 2011 WL 1601292, at *1 n.1.

7

additional requirements of Chapter 14 discussed above, however. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.014 (Chapter 14 "may not be modified or repealed by a rule adopted by the supreme court"); *Doyle v. Lucy*, No. 14-03-00039-CV, 2004 WL 612905, at *3 (Tex. App.—Houston [14th Dist.] Mar. 30, 2004, no pet.) (mem. op.) (noting that section 14.014 indicates Legislature's intent to apply strict requirements to inmate actions brought *in forma pauperis*).

Because the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code now apply to inmate proceedings in appellate courts, and Douglas did not comply with those requirements on appeal, we dismiss his appeal without reaching the merits of his challenge to the trial court's dismissal. *See Atkins*, 2013 WL 5526233, at *1; *Hickman*, 2013 WL 3770916, at *3; *Turner*, — S.W.3d at —, 2013 WL 2245653, at *3.

## CONCLUSION

We dismiss this appeal based on appellant's failure to comply with the requirements of Chapter 14.[9]

/s/    J. Brett Busby
       Justice

Panel consists of Justices Boyce, Jamison, and Busby.

---

[9] A motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered. Tex. R. App. P. 49.1. If the appellant desires to have the decision of this Court reviewed by the Texas Supreme Court, a petition for review must be filed with the Texas Supreme Court clerk within 45 days after either the date the court of appeal's judgment was rendered or the date the last ruling on all timely motions for rehearing was made by the court of appeals. Tex. R. App. P. 53.7(a).