

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-13-00424-CV

IN RE R. WAYNE JOHNSON, RELATOR

ORIGINAL PROCEEDING

March 31, 2014

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Relator R. Wayne Johnson is a prison inmate appearing *pro se* and *in forma pauperis*. He is also a vexatious litigant subject to a prefiling order requirement.[1] In this original proceeding, he seeks a writ of mandamus directing respondent, the Honorable Dan Mike Bird, judge of the 46th District Court of Hardeman County, to disregard a 2001 order of the 156th District Court of Bee County, Texas, which declared relator a

---

[1] *See* TEX. CIV. PRAC. & REM. CODE § 11.101 (West Supp. 2013).

vexatious litigant and instituted the prefiling order requirement.[2]  We will deny relator's petition.

The writ of mandamus will issue to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy available by appeal.  *In re Prudential Ins. Co. of America,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).

One seeking extraordinary relief, such as mandamus, must generally bring forward all that is necessary to establish the claim for relief.  *See* TEX. R. APP. P. 52.7; *Dallas Morning News v. Fifth Court of Appeals,* 842 S.W.2d 655, 658 (Tex. 1992) (orig. proceeding).  This includes providing an adequate record to substantiate the allegations contained in the petition for writ of mandamus.  *Dallas Morning News,* 842 S.W.2d at 658; *Walker v. Packer,* 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

In his petition, relator makes reference to a "stay order" issued by Judge Bird. The appendix to relator's petition, however, does not contain a copy of any order by Judge Bird nor does it contain a document showing Judge Bird committed any abuse of discretion.  *See* TEX R. APP. P. 52.3(k)(1)(A).  In that respect, and otherwise, the record filed with relator's petition does not contain a certified or sworn copy of every document material to his claim for relief and that was filed in the underlying proceeding.  *See* TEX. R. APP. P. 52.7(a)(1).  Absent a sufficient record, mandamus will not issue.  *Walker,* 827 S.W.2d at 837.

---

[2] *See, e.g., Johnson v. Cornelius*, No. 07-11-00091-CV, 2011 Tex. App. LEXIS 7762, *10-12 (Tex. App.—Amarillo September 28, 2011, no pet.) (mem. op.) (referring to 2001 Bee County district court prefiling order).

Further, appellate rule 52.3 specifies the form and contents of a petition for writ of mandamus. In this respect, relator's petition is wholly insufficient. It does not contain a section identifying the parties, a table of contents, an index of authorities, a statement of the issues presented, a clear and concise argument with relevant legal citations and citations to the appendix or record. *See In re Bibbs,* 07-11-00393-CV, 2011 Tex. App. LEXIS 8192 (Tex. App.—Amarillo Oct. 13, 2011, orig. proceeding) (denying petition for mandamus for noncompliance with appellate rule 52.3).

For these reasons, relator's petition for writ of mandamus is denied.[3]


James T. Campbell
Justice

---

[3] In addition, we note relator has not complied in this court with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code with respect to his mandamus petition. *See* Act of June 29, 2011, 82nd Leg., 1st C.S., ch. 3, § 12.01(a), 2011 Tex. Gen. Laws 116, 161 (amending Chapter 14 effective January 1, 2012, to make it applicable to actions, including appeals and original proceedings, brought by indigent inmates in appellate courts) (current version at TEX. CIV. PRAC. & REM. CODE Ann. § 14.002 (West Supp. 2013)); *Douglas v. Moffett*, 418 S.W.3d 336, 338-39 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (discussing amendment and prior law). The affidavit of indigence filed with his petition was not accompanied by a separate affidavit detailing court actions previously filed by relator, as required by § 14.004(a), or a certified copy of his inmate trust account statement as required by §§ 14.004(c) and 14.006(f). TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(a), 14.004(c) (West Supp. 2013), 14.006(f) (West 2002). Relator's failure to comply with Chapter 14's requirements in this court make his mandamus petition subject to dismissal.