

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-14-00197-CV
No. 07-14-00198-CV
_____

IN RE RICHARD EARL GAMBLES, RELATOR

Original Proceeding Arising from the 364th District Court
Lubbock County, Texas
Trial Court Nos. 96-422,700 & 96-422,701; Honorable Bradley S. Underwood, Presiding

July 29, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Relator, Richard Earl Gambles, proceeding *pro se* and *in forma pauperis*, seeks mandamus relief on a motion for DNA testing[1] he filed in the trial court in the referenced cause numbers on April 7, 2014. Although Relator did not name a respondent in his petition, it appears he seeks to compel the Honorable Bradley S. Underwood to rule on his motion. Relator also asserts the Lubbock County District Clerk, Barbara Sucsy, failed to respond to an April 28, 2014 letter inquiring about his motion. For the reasons expressed herein, we deny Relator's requested relief.

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 64.01 (West Supp. 2013).

On May 14, 2014, Relator filed his hand-written *Plaintiff's Original Application for Writ of Mandamus.* On May 19, 2014, this Court requested payment of the appropriate fees. In response, Relator filed his *Motion to Proceed in Forma Pauperis.* By letter dated May 29, 2014, this Court then advised Relator, that recent amendments to chapter 14 of the Texas Civil Practice and Remedies Code required an inmate in any action in which an affidavit of indigence or unsworn declaration of inability to pay is filed, including an original proceeding such as mandamus, to fully comply with chapter 14 by filing a separate *Affidavit Relating to Previous Filings* and a certified copy of his inmate account. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a), (c) (West Supp. 2014). *See also Douglas v. Moffett*, 418 S.W.3d 336, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Relator was asked to comply on or before June 18, 2014, and was advised that failure to comply could result in the summary disposition of his proceeding. To date, Relator has not complied.

Additionally, Relator's petition does not satisfy the mandatory requirements of Rule 52.3 of the Texas Rules of Appellate Procedure. Relator's *pro se* status does not exempt him from complying with rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

Consequently, Relator's request for mandamus relief is denied for failure to comply with applicable rules of appellate procedure. *See* TEX. R. APP. P. 42.3(c).


Patrick A. Pirtle
Justice