

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00348-CV

IN RE ANTHONY G. HEREFORD, JR., RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

October 17, 2014

# MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is Anthony G. Hereford, Jr.'s (Hereford) Original Petition for Writ of Mandamus. In it he requests that we "order the 140th District Court of Lubbock County, Texas," to "consider and rule on the properly filed Motion for Speedy Trial . . . and Motion for Appointment of Counsel . . . ." We dismiss the petition without prejudice to its re-filing.

Hereford, a prisoner, seeks to proceed as an indigent and has not complied with all the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code. *See* Act of June 29, 2011, 82nd Leg., 1st C.S., ch. 3, § 12.01(a), 2011 Tex. Gen. Laws 116, 161 (amending Chapter 14 effective January 1, 2012, to make it applicable to actions, including appeals and original proceedings, brought by indigent inmates in

appellate courts) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2014)); *Douglas v. Moffett*, 418 S.W.3d 336, 338-39 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (discussing amendment and prior law). That is, he failed to detail, via affidavit, the prior actions or lawsuits, if any, he has filed; such is required by § 14.004(a) of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (West Supp. 2014). The omission was brought to his attention via written correspondence from this court. In that correspondence, he was afforded opportunity to correct the matter by October 6, 2014, and was told that the cause would be dismissed if he did not. That date lapsed, and Hereford has yet to comply with the statute. Because a relator's failure to comply with Chapter 14 renders a petition for writ of mandamus subject to dismissal, *In re Johnson*, No. 07-13-00259-CV, 2014 Tex. App. LEXIS 3456 (Tex. App.—Amarillo March 28, 2014, orig. proceeding), we dismiss Hereford's petition for writ of mandamus.

It is so ordered.


Per Curiam

2