

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00076-CV

HARVEY BRAMLETT, JR. AND JASON BLAKENEY, APPELLANTS

V.

TDCJ, ET AL, APPELLEES

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 99,017-00-E, Honorable Ron Enns, Presiding

March 13, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellants, Harvey Bramlett, Jr. and Jason Blakeney filed an appeal in the above referenced cause. They also filed an affidavit of indigence. However, they failed to file the necessary documents required by Chapter 14 of the Civil Practice and Remedies Code. By letter dated February 27, 2015, this court directed appellants to comply with Chapter 14 by filing 1) an affidavit describing their previous filings and 2) certified copies of their inmate trust accounts. They were also told that the appeal would be dismissed if they did not comply. TEX. R. APP. P. 42.3(c); see TEX. CIV. PRAC. & REM. CODE ANN.

§ 14.002 (West Supp. 2014) (stating that Chapter 14 applies to appeals brought by an inmate in an appellate court); *Douglas v. Moffett*, 418 S.W.3d 336 (Tex. App.—Houston [14th Dist.] 2013, no pet.). In their response, Bramlett and Blakeney stated: "As the record in this case will reflect- the Appellants have already filed their Affidavit of Previous Filings as well as Certified Copies of their Inmate Trust Fund with the trial court in accordance with Chp. 14 Civ. Prac. Rem. Code. What's more the Clerk of the Court of Appeals herself is already in possession of a copy of these pleadings per the trial court Clerk's record filed July 12th, 2011 in Case No. 07-11-0139-CV. . .in the event that the Clerk wishes to rereview [sic] them. . . ." That affidavit, however, is over three years old and does not reflect the filings, if any, since July 2011. Nor do we have a certified copy of their trust accounts as of the date this appeal was perfected.

The requirement to tender the affidavit specified by Chapter 14 of the Civil Practice and Remedies Code is mandatory, and the lack thereof is grounds for dismissal of the lawsuit. *Douglas v. Moffett*, 418 S.W.3d at 340; *see also In re Anthony G. Hereford, Jr.,* No. 07-14-00348-CV, 2014 Tex. App. LEXIS 11521, at *1-2 (Tex. App.—Amarillo October 17, 2014, orig. proceeding) (holding that the failure to comply with Chapter 14 subjected the mandamus proceeding to dismissal).

Accordingly, we dismiss the appeal.

Brian Quinn
Chief Justice