

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00072-CV

IN RE JARROD NEAL FLAMING, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

March 20, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Relator, Jarrod Neal Flaming, filed an application for writ of mandamus in the above-referenced cause. By letter dated February 25, 2015, this court directed Flaming to comply with Chapter 14 of the Civil Practice and Remedies Code by filing 1) an affidavit of indigence, 2) an affidavit relating to previous lawsuits, and 3) a certified copy of his inmate trust account. He was also told that the appeal was subject to dismissal if he did not comply. TEX. R. APP. P. 42.3(c); TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2014) (stating that Chapter 14 applies to original proceedings brought by an inmate in an appellate court); *Douglas v. Moffett*, 418 S.W.3d 336, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.). In his response, Flaming provided an affidavit of indigence and a copy of his inmate trust account. However, he did not

provide an affidavit describing his previous lawsuits. That affidavit must identify and describe each action previously brought by stating the operative facts and listing the case number, cause number, and the court in which brought, identifying each party named in the action, and stating the result. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (West Supp. 2014).

The requirement to tender the affidavit specified by Chapter 14 is mandatory, and the lack thereof is grounds for dismissal of the lawsuit. *Douglas v. Moffett*, 418 S.W.3d at 340; *see also In re Anthony G. Hereford, Jr.*, No. 07-14-00348-CV, 2014 Tex. App. LEXIS 11521, at *1-2 (Tex. App.—Amarillo October 17, 2014, orig. proceeding) (holding that the failure to comply with Chapter 14 subjected the mandamus proceeding to dismissal).

Accordingly, we dismiss the petition for writ of mandamus.


Brian Quinn
Chief Justice