**Dismissed and Memorandum Opinion filed March 26, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00869-CV

### KENNETH L. HILL, Appellant

### V.

### TEXAS DEPARTMENT OF CRIMINAL JUSTICE CORRECTIONAL INSTITUTION DIVISION, Appellee

**On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 51712**

## M E M O R A N D U M   O P I N I O N

Appellant Kenneth L. Hill, an inmate incarcerated in the Texas Department of Criminal Justice, challenges the trial court's dismissal of his civil action against appellee, the Institutional Division of the Texas Department of Criminal Justice. Because we conclude that appellant failed to comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code on appeal, we dismiss his appeal.

On October 21, 2014, the trial court signed a judgment after a jury trial finding that appellant should take nothing by his suit against appellee. On October 17, 2014, appellant filed a premature notice of appeal and an affidavit in support of his request to proceed as indigent in this court. Appellant's affidavit fails to comply with section 14.004(a) of the Texas Civil Practice and Remedies Code, which states:

> An inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration (1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and (2) describing each suit that was previously brought by (A) stating the operative facts for which relief was sought; (B) listing the case name, cause number, and the court in which the suit was brought; (C) identifying each party named in the suit; and (D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

Tex. Civ. Prac. & Rem. Code Ann. § 14.004 (West Supp. 2014).

Chapter 14 of the Texas Civil Practice and Remedies Code governs inmate litigation when the inmate claims inability to pay costs. In its 2011 session, the Texas Legislature amended Chapter 14; the amendments to Chapter 14 became effective January 1, 2012. As amended, Chapter 14 now applies to "an action, including an appeal or original proceeding, brought by an inmate in a district, county, justice of the peace, or small claims court or an appellate court, including the supreme court or the court of criminal appeals, in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (West Supp. 2013). "This means that the requirements of Chapter 14 apply when inmates file an appeal or an original

2

proceeding in the appellate court the same as when they file actions in the district, county, and justice courts." *Douglas v. Moffett*, 418 S.W.3d 336, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

When an inmate litigant files an affidavit or unsworn declaration of inability to pay costs, Chapter 14 requires the inmate to file an additional affidavit or declaration setting forth specific details on all previous actions filed pro se, other than a suit brought under the Texas Family Code. Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a); *Moffett*, 418 S.W.3d at 339. Because the inmate's list of previous filings may change between the time the suit and appeal are brought, we have concluded, as other courts of appeals have, that the decisions interpreting these requirements of Chapter 14 at the trial court stage generally apply to appeals and original proceedings brought in an appellate court on or after January 1, 2012. *Moffett*, 418 S.W.3d at 340; *see also* Tex. Civ. Prac. & Rem. Code Ann. §14.002(a).

Appellant filed his notice of appeal and an affidavit of indigence. But appellant did not file on appeal the required additional affidavit or unsworn declaration of previous filings. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002(a), 14.004(a).

On February 27, 2015, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating grounds for continuing the appeal on or before March 9, 2015. *See* Tex. R. App. P. 42.3(a). On March 16, 2015, appellant filed a response in which he argued the merits of his appeal. Appellant's response does not demonstrate compliance with Chapter 14 of the Texas Civil Practice and Remedies Code.

Because the requirements of Chapter 14 of the Texas Civil Practice and

3

Remedies Code now apply to inmate proceedings in appellate courts, and appellant did not comply with those requirements on appeal, we dismiss his appeal. S*ee Moffett*, 418 S.W.3d at 341.


PER CURIAM


Panel consists of Justices Christopher, Donovan, and Wise.