

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00111-CV

LUIS S. LAGAITE, APPELLANT

V.

GREGORY C. BOLAND, ET AL., APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 97,061-C, Honorable Douglas Woodburn, Presiding

April 23, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Luis S. Lagaite filed an appeal in the above-referenced cause without paying the requisite filing fee. By letter dated April 1, 2015, this court directed Lagaite to pay the filing fee or file an affidavit of indigence, and if indigent, he must comply with Chapter 14 by filing 1) an affidavit describing his previous filings and 2) a certified copy of his inmate trust account. He was also told that the appeal would be dismissed if he did not comply. TEX. R. APP. P. 42.3(c); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2014) (stating that Chapter 14 applies to appeals brought by an inmate in an appellate court); *Douglas v. Moffett*, 418 S.W.3d 336 (Tex. App.—Houston [14th Dist.] 2013, no pet.). In his response, Lagaite filed an affidavit of indigence and a

certified copy of his inmate account. However, in his affidavit of previous filings, he failed to state the operative facts pertinent to the ten suits he did list. Inclusion of those operative facts is required by § 14.004 (a) (2) (A) of the Civil Practice and Remedies Code.

He also stated in the affidavit that: "Due to the fact that appellees have continued to withheld [sic] all my legal documents, pleadings drafts [sic], and personal property appellant cannot acertain [sic] or remember the actual correct dates, names and filing of previous lawsuits of the other 12 or more that he has filed that are within his legal documents." Whether he requested the return of those documents to comply with our previous directive went unmentioned. Similarly unmentioned is why he did not supply us with the information about the twelve other lawsuits that he could remember and their disposition.

Given the foregoing admissions, his affidavit fails to comply with the requirements of § 14.004. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (West Supp. 2014). And, the requirement to tender an affidavit complying with Chapter 14 of the Civil Practice and Remedies Code is mandatory; the failure to do so is grounds for dismissal of the lawsuit. *Douglas v. Moffett*, 418 S.W.3d at 340; *see also In re Anthony G. Hereford, Jr.,* No. 07-14-00348-CV, 2014 Tex. App. LEXIS 11521, at *1-2 (Tex. App.—Amarillo October 17, 2014, orig. proceeding) (holding that the failure to comply with Chapter 14 subjected the mandamus proceeding to dismissal).

Accordingly, we dismiss the appeal.[1]

Brian Quinn
Chief Justice

---

[1] Pending before the court is Lagaite's "Motion to Make the January 15, 2015 Hearing Part of the Appeal," we deny the motion as moot.