

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00290-CV

EDDIE A. NUNNELLEY, JR., APPELLANT

V.

J. BEACH, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 104,482-E, Honorable Douglas Woodburn, Presiding

August 7, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Eddie A. Nunnelley, Jr., filed an appeal in the above-referenced cause without paying the requisite filing fee. By letter dated July 23, 2015, this court directed Nunnelley to pay the filing fee or file an affidavit of indigence, and if indigent, he must comply with Chapter 14 by filing 1) an affidavit describing his previous filings and 2) a certified copy of his inmate trust account. He was also told that the appeal would be dismissed if he did not comply. TEX. R. APP. P. 42.3(c); see TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2014) (stating that Chapter 14 applies to appeals brought by

an inmate in an appellate court); *Douglas v. Moffett*, 418 S.W.3d 336 (Tex. App.—Houston [14th Dist.] 2013, no pet.).   In his response, Nunnelley filed an affidavit of indigence and a certified copy of his inmate account.   However, he failed to file an affidavit describing his previous filings.

The requirement to tender an affidavit complying with Chapter 14 of the Civil Practice and Remedies Code is mandatory; the failure to do so is grounds for dismissal of the lawsuit.   *Douglas v. Moffett*, 418 S.W.3d at 340; *see also In re Anthony G. Hereford, Jr.,* No. 07-14-00348-CV, 2014 Tex. App. LEXIS 11521, at *1-2 (Tex. App.—Amarillo October 17, 2014, orig. proceeding) (holding that the failure to comply with Chapter 14 subjected the mandamus proceeding to dismissal).

Accordingly, we dismiss the appeal.

Brian Quinn
Chief Justice