

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-15-00307-CV

IN RE ROBERT MILLER, RELATOR

MEMORANDUM OPINION DISMISSING ORIGINAL PROCEEDING

September 8, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Relator, Robert Miller, filed an application for a writ of mandamus in the above-referenced cause without paying the requisite filing fee. By letter dated August 11, 2015, this court directed Miller to pay the filing fee or file an affidavit of indigence, and if indigent, he must comply with Chapter 14 by filing 1) an affidavit describing his previous filings and 2) a certified copy of his inmate trust account. He was also told that the proceeding would be dismissed if he did not comply. TEX. R. APP. P. 42.3(c); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2014) (stating that Chapter 14 applies to original proceedings brought by an inmate in an appellate court); *Douglas v. Moffett*, 418 S.W.3d 336 (Tex. App.—Houston [14th Dist.] 2013, no pet.). In his

response, Miller advised the court that he was "indigent at this time," however he would send twenty percent of the money he received from his family until the filing fee was paid. Furthermore, he filed a certified copy of his inmate account which showed he had $37.53 in his account. He, also, failed to file an affidavit describing his previous filings.

The requirement to tender an affidavit complying with Chapter 14 of the Civil Practice and Remedies Code is mandatory; the failure to do so is grounds for dismissal of the lawsuit. *Douglas v. Moffett*, 418 S.W.3d at 340; *see also In re Anthony G. Hereford, Jr.,* No. 07-14-00348-CV, 2014 Tex. App. LEXIS 11521, at *1-2 (Tex. App.—Amarillo October 17, 2014, orig. proceeding) (holding that the failure to comply with Chapter 14 subjected the mandamus proceeding to dismissal).

Accordingly, we dismiss the appeal.

Per Curiam