

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00304-CV

IN RE R. WAYNE JOHNSON, RELATOR

ORIGINAL PROCEEDING

September 14, 2015

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Relator R. Wayne Johnson, a Texas prison inmate appearing *pro se,* filed a petition asking the court to issue a writ of mandamus against respondent, the Honorable John B. Board, judge of the 181st District Court of Potter County. Johnson did not accompany his petition with the required filing fee or proof of indigence and the materials required by Chapter 14 of the Texas Civil Practice & Remedies Code.[1]

By letter of August 6, 2015, we directed Johnson to pay the filing fee or file an affidavit of indigence, and if indigent, to comply with Chapter 14 by filing an affidavit

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (West 2002 & Supp. 2014). Section 14.004 requires an inmate proceeding as indigent to file an affidavit detailing his previous actions and a certified copy of the inmate's trust account statement specified by section 14.006(d).

describing his previous filings and a certified copy of his inmate trust account. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2014) (stating that Chapter 14 applies to original proceedings brought by an inmate in an appellate court); *Douglas v. Moffett,* 418 S.W.3d 336, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("An inmate proceeding *pro se* and *in forma pauperis* must comply with the procedural requirements of Chapter 14"). Johnson was also told that the proceeding would be dismissed if he did not file the required items. TEX. R. APP. P. 42.3(c).

Johnson filed a document on August 17, apparently intended as a response. It was silent, however, on the filing fee issue. To the extent Johnson requested any relief by the document, it was denied. We extended until September 2 the deadline for compliance with the requirements of the August 6 letter. On August 28, Johnson filed another document, the purpose of which we are unable to ascertain. To the extent the August 28 document requests relief, that relief is denied.

Johnson has neither paid the filing fee nor proceeded properly as an indigent according to the requirements of Chapter 14 stated in our August 6 letter. Accordingly, his petition for writ of mandamus is dismissed. TEX. R. APP. P. 42.3(c).


Per Curiam