

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:        Eriberto Lopez, Jr. v. Jessika Martinez Lopez

Appellate case number:    01-16-00994-CV

Trial court case number:    2011-10549

Trial court:                        257th District Court of Harris County

The Court's March 28, 2017 Memo Opinion dismissed this appeal for want of prosecution for failure to pay all required fees. On April 17, 2017, appellant, Eriberto Lopez, Jr., filed a "Motion to Reinstate [T]his Appeal" ("Motion"). This Motion was timely because it was received by the Clerk of this Court within the 10-day grace period allowed for mailed filings after the April 12, 2017 motion for rehearing deadline. *See* TEX. R. APP. P. 9.2(b)(1), 49.1.

Appellant's Motion requests reinstatement of his appeal because he claims that he had filed several affidavits of indigency with the district clerk and notice of appeal. Appellant contends that because these affidavits of indigency were not contested, that should have allowed him to proceed as indigent on appeal as he claims he was by this Court in a related appeal. Although appellant attached to his Motion an affidavit of indigency, signed on December 6, 2016, and filed with the district court, because he is proceeding pro se and incarcerated, he has failed to comply with the additional requirements of Chapter 14 of the Texas Civil Practices and Remedies Code governing inmate litigation.

Section 14.004 of the Texas Civil Practice and Remedies Code provides that an inmate who files an affidavit or unsworn declaration of inability to pay costs must file an additional affidavit or declaration identifying each prior lawsuit, other than an action

under the Family Code, filed by the inmate without legal representation. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (West 2012). As to each prior lawsuit, the affidavit or declaration must specify the operative facts, the case name or style, the cause number, the court in which it was brought, the names of the parties, and the result of the suit. *Id.* If a previous action or claim was dismissed as frivolous or malicious, the affidavit or unsworn declaration of previous filings must state the date of any final judgment or order affirming the dismissal. *Id.* at § 14.004(b).

Additionally, the affidavit or unsworn declaration of previous filings must be accompanied by a certified copy of the inmate's trust account statement reflecting the balance of the account at the time the appeal was filed and all account activity during the six months preceding the date the appeal was filed. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(c); 14.006(f); *see Douglas v. Moffett*, 418 S.W.3d 336, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Chapter 14's requirements apply to all civil actions, including appeals, filed by an inmate in which an affidavit of inability to pay costs is filed by that inmate. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a).

Appellant has neither filed an additional affidavit or declaration relating to previous filings nor has he filed a certified copy of his inmate trust account statement. Because appellant is proceeding pro se and his Motion was timely filed, but he was not previously notified by this Court of Chapter 14's requirements, the Court construes this Motion to include a motion for an extension of time to file a rehearing motion, and **grants** it. *See* TEX. R. APP. P. 49.1, 49.8.

Accordingly, unless the appellant's affidavit of past lawsuits and a certified copy of his inmate trust account statement, as required by Chapter 14 of the Texas Civil Practices and Remedies Code, are filed with the Clerk of this Court **within 30 days** of the date of this Order, this Motion may be dismissed as moot without further notice. *See* TEX. R. APP. P. 42.3(c); *Gozowski v. T.D.C.J.–I.D.*, No. 12-14-00350-CV, 2014 WL 6983246, *1 (Tex. App.—Tyler Dec. 10, 2014, no pet.).

It is so ORDERED.

Judge's signature:   /s/ <u>Laura Carter Higley</u>
                                   ☒ Acting individually     ☐ Acting for the Court
Date: <u>May 2, 2017</u>

2