

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00273-CV
_____

CHRISTOPHER LEON NEAL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 3843-E-BF; Honorable Douglas R. Woodburn, Presiding

August 14, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Christopher Leon Neal, an inmate proceeding *pro se*, filed a notice of appeal from the trial court's *Judgment NISI*, accompanied by an unsworn declaration of inability to pay costs. We dismiss the appeal because Neal failed to pay the filing fee or comply with chapter 14 of the Texas Civil Practice and Remedies Code and for want of jurisdiction.

By letter dated July 24, 2018, this court directed Neal to pay the required filing fee of $205 or, in lieu thereof, to comply with chapter 14 of the Texas Civil Practice and Remedies Code by filing a separate affidavit relating to previous filings and a certified copy of his inmate trust account statement. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004 (West 2017). We further advised that if he did not comply by August 3, this appeal was subject to dismissal without further notice. To date, Neal has neither paid the filing fee nor filed the required chapter 14 documents.

Unless a party is excused from paying a filing fee, the clerk of this court is required to collect filing fees set by statute or the Supreme Court when an item is presented for filing. *See* TEX. R. APP. P. 5, 12.1(b). An inmate who files an affidavit or unsworn declaration of inability to pay costs in an appeal or original proceeding must also comply with chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a). An inmate's failure to comply with chapter 14 is grounds for dismissal of the appeal or original proceeding. *See Douglas v. Moffett*, 418 S.W.3d 336, 340 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Because Neal has failed to pay the filing fee or comply with chapter 14 within the time provided by this court for compliance, we must dismiss his appeal.

Furthermore, we are without jurisdiction to review the *Judgment NISI* as it is not a final judgment or appealable order. This court has jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute. S*ee Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam). The *Judgment NISI* was issued by the trial court on June 28, 2018, after Neal failed to appear and answer in the criminal case

pending against him in the 108th District Court for Potter County, trial court cause number 74,605-E. The judgment declares that Neal's bail bond will be forfeited and the judgment will become final unless good cause can be shown for his failure to appear before the court. The judgment also directs the district clerk to issue citation and capias for Neal to appear and show why the judgment should not be made final.

By letter of July 27, we notified Neal that it did not appear a final judgment or appealable order had been issued by the trial court and directed him to show how we have jurisdiction over the appeal. Neal filed a response but did not identify any authority allowing an interlocutory appeal from the judgment. Because the *Judgment NISI* is not a final judgment and we have found no statutory authority allowing an interlocutory appeal, we are without jurisdiction to review it. *See Kneip v. State*, No. 04-01-00125-CV, 2001 Tex. App. LEXIS 2318, at *1-2 (Tex. App.—San Antonio, no pet.) (per curiam) (holding that a judgment *nisi* is an interlocutory order, not appealable until a final judgment disposing of the principal and surety is signed).

Accordingly, the appeal is dismissed.

Per Curiam