

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00272-CV
_____

BARRY DWAYNE MINNFEE, APPELLANT

V.

DANIEL GONZALES AND KIERA RARIKH, APPELLEES

_____

DISMISSAL

_____

August 15, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Barry Dwayne Minnfee, an inmate proceeding *pro se*, filed a notice of appeal from the "denial Admin Law Judge Ms. Rachelle White Houston to deny filing Federal Tort Claim Act etc., on 7-16-2018." The notice identifies "FBI Daniel Gonzales" and "FBI Kiera Rarikh" as appellees. We dismiss the appeal for Minnfee's failure to pay the filing fee and for want of jurisdiction.

By letter of July 23, 2018, we directed Minnfee to pay the filing fee or comply with Chapter 14 of the Civil Practice and Remedies Code by filing 1) an affidavit of indigence, 2) an affidavit relating to previous filings, and 3) a certified copy of his inmate trust account

statement. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004 (West 2017). He was told that the appeal was subject to dismissal if he did not comply by August 2, 2018. *See* TEX. R. APP. P. 42.3(c). By separate letter on July 24, 2018, we also notified Minnfee that his notice of appeal was deficient as it did not provide the contents required by Rule of Appellate Procedure 25.1(d). We directed him to file an amended notice of appeal comporting with rule 25.1(d) and to show why this court has jurisdiction by August 7, 2018, or the appeal would be dismissed. *See* TEX. R. APP. P. 42.3(a), (c).

To date, Minnfee has not paid the filing fee or provided any of the required Chapter 14 documents. The requirement to pay the filing fee or tender an affidavit of indigence, affidavit of previous filings, and a certified copy of an inmate trust account statement is mandatory, and the lack thereof is grounds for dismissal of the appeal. *See Douglas v. Moffett,* 418 S.W.3d 336, 340 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Further, Minnfee has not filed an amended notice of appeal or shown how this court has jurisdiction over his appeal. As our jurisdiction is dependent upon the existence of a final judgment or appealable order, and Minnfee has not presented either to this court, we lack jurisdiction over the appeal. *See Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam).

Accordingly, the appeal is dismissed. *See* TEX. R. APP. P. 42.3(a), (c).

Per Curiam