**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER AND NOTICE OF INTENT TO DISMISS FOR WANT OF JURISDICTION

Appellate case name:          In the Interest of M.R.H.

Appellate case number:     01-18-00933-CV

Trial court case number:    16-1905-CV

Trial court:                        25th District Court of Guadalupe County

Appellant, Christopher Pat Hildebrand, proceeding pro se and incarcerated, timely filed a notice of restricted appeal on September 19, 2018, from the trial court's June 18, 2018 final decree of divorce.  *See* TEX. R. APP. P. 26.1(c).  On September 13, 2018, appellant filed a "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond," claiming that he is unable to pay the appellate filing and record fees.  On December 17, 2018, appellant filed a notice of change of address with a request for a free copy of the reporter's record to complete his appellant's brief, which he later filed on January 2, 2019, without a reporter's record.  However, because he is proceeding pro se and is incarcerated, appellant has failed to comply with the additional requirements of Chapter 14 of the Texas Civil Practices and Remedies Code governing inmate litigation.

Chapter 14 of the Texas Civil Practice and Remedies Code provides that an inmate who files an affidavit or unsworn declaration of inability to pay costs must file an additional affidavit or declaration identifying each prior lawsuit, other than an action under the Family Code, filed by the inmate without legal representation, without regard to whether the person was an inmate at the time the lawsuit was filed.  TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (West 2012).  As to each prior lawsuit, the affidavit or declaration must specify the operative facts, the case name or style, the cause number, the court in which it was brought, the names of the parties, and the result of the suit.  *Id.*  If a previous lawsuit or claim was dismissed as frivolous or malicious, the affidavit or unsworn declaration of previous filings must state the date of any final judgment or order affirming the dismissal. *Id.* at § 14.004(b).

Additionally, the affidavit or unsworn declaration of previous filings must be accompanied by a certified copy of the inmate's trust account statement reflecting the

balance of the account at the time the appeal was filed and all account activity during the six months preceding the date the appeal was filed. *See* TEX. CIV. PRAC. & REM. CODE §§ 14.004(c); 14.006(f). Chapter 14's requirements apply to all civil actions, including appeals, filed by a pro se inmate in which an affidavit or unsworn declaration of inability to pay costs is filed by that inmate. *See Douglas v. Moffett*, 418 S.W.3d 336, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a)). An appeal must be dismissed when an inmate claiming indigence has not complied with section 14.004. *See id.* at 341. Appellant has neither filed an additional affidavit or declaration relating to previous filings nor has he filed a certified copy of his inmate trust account statement when he filed the notice of appeal in this case.

Accordingly, unless appellant's affidavit of previous lawsuits and a certified copy of his inmate trust account statement, as required by Chapter 14 of the Texas Civil Practices and Remedies Code, are filed with the Clerk of this Court **within 30 days of the date of this Order**, this appeal may be dismissed for want of jurisdiction without further notice. *See* TEX. R. APP. P. 42.3(c); *Gozowski v. T.D.C.J.–I.D.*, No. 12-14-00350-CV, 2014 WL 6983246, *1 (Tex. App.—Tyler Dec. 10, 2014, no pet.); *Douglas*, 418 S.W.3d at 341. If appellant complies with this Order, the reporter's and clerk's records will be ordered to be mailed to him, he will be permitted to file an amended/supplemental brief, if necessary, and appellee's briefing deadline may be reset. *See* TEX. R. APP. P. 38.6(a)(2), (b), 38.7.

It is so ORDERED.

Judge's signature:     /s/ Evelyn V. Keyes_____

                           ☒ Acting individually     ☐ Acting for the Court

Date:  __January 10, 2019_____