**Appeal Dismissed and Memorandum Opinion filed February 6, 2020.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-19-00791-CV

---

## WILLIAM ARCHIE ARMSTRONG, Appellant

### V.

## WILL JONES JR., Appellee

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-29377**

---

## M E M O R A N D U M   O P I N I O N

Appellant William Archie Armstrong, an inmate incarcerated in the Texas Department of Criminal Justice, appeals from the final judgment signed August 28, 2019. Appellant has filed a statement of inability to afford payment of costs on appeal.

Chapter 14 of the Texas Civil Practice and Remedies Code governs inmate litigation when the inmate claims inability to pay costs. Chapter 14 applies to "an action, including an appeal or original proceeding, brought by an inmate in a district,

county, justice of the peace, or small claims court or an appellate court, including the supreme court or the court of criminal appeals, in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." Tex. Civ. Prac. & Rem. Code § 14.002(a). "This means that the requirements of Chapter 14 apply when inmates file an appeal or an original proceeding in the appellate court the same as when they file actions in the district, county, and justice courts." *Douglas v. Moffett*, 418 S.W.3d 336, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

When an inmate litigant files an affidavit or unsworn declaration of inability to pay costs, Chapter 14 requires the inmate to file an additional affidavit or declaration setting forth specific details on all previous actions filed pro se, other than a suit brought under the Texas Family Code:

> An inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration (1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and (2) describing each suit that was previously brought by (A) stating the operative facts for which relief was sought; (B) listing the case name, cause number, and the court in which the suit was brought; (C) identifying each party named in the suit; and (D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

Tex. Civ. Prac. & Rem. Code § 14.004.

Appellant did not file the required affidavit or unsworn declaration of previous filings. *Id.* § 14.004(a). On November 12, 2019, notification was transmitted to the parties of this court's intention to dismiss the appeal unless appellant complied with section 14.004 by December 12, 2019. *See* Tex. R. App. P. 42.3(a). On November 25, 2019, we received an unsworn declaration from appellant entitled, "Affidavit of

Inability to Pay Filing Fee." The declaration states the reasons appellant is unable to pay the filing fee, and it is accompanied by a certified copy of the trust account statement. The declaration does not identify and describe any previous actions appellant may have brought as required by subsection (a). On December 17, 2019, we issued an order directing appellant to file an affidavit regarding previous filings by January 16, 2020. No response has been received.

Because appellant has not complied with section 14.004, we dismiss his appeal. See *Moffett*, 418 S.W.3d at 341. Appellant's December 20, 2019 motion to abate the appeal is denied as moot.

PER CURIAM

Panel consists of Justices Wise, Jewell, and Poissant.