**Opinion issued April 15, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00886-CV

———————————

**R. WAYNE JOHNSON, Appellant**

**V.**

**U.S. POSTMASTER, Appellee**

---

**On Appeal from the 458th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 22-DCV-292489**

---

## MEMORANDUM OPINION

Appellant R. Wayne Johnson, a pro se inmate, incarcerated in the Texas Department of Criminal Justice (TDCJ), appeals from an order of dismissal for want of prosecution signed on October 17, 2024. On November 12, 2024, appellant filed a notice of appeal.

On January 23, 2025, the Court issued an order advising appellant that his appeal might be dismissed unless he complied with the requirements of Chapter 14 of the Texas Civil Practices and Remedies Code by February 12, 2025. On February 5, 2025, appellant filed a motion to recuse all nine justices on this Court. On April 1, 2025, the en banc Court issued an order denying the motion to recuse. Because appellant failed to cure the defects identified in this Court's January 23, 2025 order, we dismiss the appeal.

Chapter 14 applies to actions, including appeals and original proceedings, brought by an inmate in district and county courts, as well as appellate courts, in which the inmate has filed an affidavit or unsworn declaration of inability to afford payment of court costs. *See* TEX. CIV. PRAC. & REM. CODE § 14.002(a). Appellant filed in the trial court a motion to proceed in forma pauperis, in which he made an unsworn declaration that he had no property or spouse. When an appellant claims inability to afford payment of court costs in the trial court, and the trial court did not overrule this claim, the appellant is not required to pay costs in the trial court or the appellate court. *See* TEX. R. APP. P. 20.1(b)(1). Having claimed indigence in the trial court, Chapter 14 applies. *See* TEX. CIV. PRAC. & REM. CODE § 14.002(a).

Section 14.004 requires an inmate to file and affidavit or unsworn declaration listing all previous actions he has filed pro se, whether or not he was an inmate at the time he filed those actions. *See id.* § 14.004(a)(1). The affidavit or declaration

must identify each action and describe the operative facts for which relief was sought, list the case name, case number, and the court in which it was filed, identify the party named, and state the result of the action. *See id.* § 14.004(a)(2). The affidavit or declaration must be accompanied by a certified copy of the inmate's trust account. *See id.* § 14.004(c). These documents are also required on appeal because the information may have changed between the time the inmate filed his original suit and the filing of his notice of appeal. *See Douglas v. Moffett*, 418 S.W.3d 336, 339–40 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Although our order of February 12, 2025 advised appellant that he was required to file this affidavit or declaration and trust account statement, appellant failed to file any of those documents, as required by section 14.004. Appellant filed no response to this Court's order, which gave appellant notice and the opportunity to cure the failure to file the affidavit or declaration and the trust account statement. Therefore, this Court may dismiss the appeal for failure to comply with section 14.004. *See Douglas*, 418 S.W.3d at 341; *Brickley v. Wagner*, No. 15-24-00067-CV, 2025 WL 409084, at *2 (15th Dist. Feb. 6, 2025, no pet.) (mem. op.).

We dismiss the appeal. *See* TEX. R. APP. P. 42.3(c), 43.2(f). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.

3