

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-15-00647-CV

John E. **RODARTE** Sr.,
Appellant

v.

**BENEFICIAL TEXAS, INC.**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-14597
Honorable Michael E. Mery, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:       Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Jason Pulliam, Justice

Delivered and Filed:  December 9, 2015

DISMISSED

Appellant John E. Rodarte Sr., an indigent inmate acting pro se, filed a notice of appeal with this court, but he failed to file an accompanying affidavit relating to his previous suits. We ordered him to file a separate affidavit listing the previous pro se actions he has brought. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (West Supp. 2015). We notified him that if he failed to comply with the statutory requirements, we could dismiss his appeal without further notice. Because Appellant failed to comply with the statute and our order, we dismiss this appeal.

BACKGROUND

On October 19, 2015, Appellant John E. Rodarte Sr., an inmate acting pro se, filed a notice of appeal with this court. Appellant's notice of appeal states he is currently incarcerated, shows his return address as the Clements Unit of the Texas Department of Criminal Justice—Institutional Division, and states he is indigent. Because Appellant is an inmate and asserts he cannot pay costs, on October 23, 2015, we ordered Appellant to file in this court by November 12, 2015, (1) a separate affidavit listing the previous pro se actions he has brought and (2) a certified copy of his inmate trust account statement. *See id.* § 14.002(a) (applying affidavit and other requirements to inmate appeals effective January 1, 2012); *id.* § 14.004 (requiring a pro se inmate asserting inability to pay costs to file a detailed list of previous pro se actions and a certified copy of the inmate's trust account statement). We advised Appellant that his affidavit and certified statement must be timely filed and must meet the applicable statutory requirements. *E.g.*, *id.* § 14.004(a) (affidavit of actions); *id.* § 14.004(b) (dispositions); *id.* § 14.004(c) (account statement). We also cautioned Appellant that this court could dismiss this appeal *without further notice* if Appellant failed to timely file the statutorily required documents. *Cf. Douglas v. Moffett*, 418 S.W.3d 336, 340 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (dismissing an appeal where an inmate failed to comply with Chapter 14 requirements); *Amir-Sharif v. Mason*, 243 S.W.3d 854, 857 (Tex. App.—Dallas 2008, no pet.) (recognizing that a trial court may dismiss an indigent inmate's suit without notice or hearing for failing to file the previous actions affidavit).

APPELLANT'S RESPONSE

On November 6, 2015, Appellant filed his "Appellant's Brief." In various portions of the body of his brief, he listed some of the cause numbers for actions he has initiated, but he did not provide the additional information required by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004. He failed to provide the following information:

- "a separate affidavit," *id.* § 14.004(a);
- "the operative facts for which relief was sought," *id.* § 14.004(a)(2)(A);
- "the case name [or] court in which the action was brought," *id.* § 14.004(a)(2)(B);
- "[the] identi[ty of] each party in the action," *id.* § 14.004(a)(2)(C); and
- "the result of the action, including whether the action or a claim that was a basis for the action was dismissed as frivolous or malicious," *id.* § 14.004(a)(2)(D).

Rather than provide the statutorily required information as ordered, Appellant asked this court to waive the statutory requirements and order the clerk of this court to "obtain verification of the cases filed by [A]ppellant[] from the U.S. District Court, U.S. Court of Appeals, [f]or [t]he [Fifth] Circuit in Louisiana, U.S. Bankruptcy Court, . . . , Bexar County District Clerk, Donna Kay McKinney, Travis County, Texas District Clerk, [and the] Third Court of Appeals in Austin, Texas."

### DISPOSITION OF APPEAL

Our October 23, 2015 order identified the information Appellant was required to provide and cautioned him that this appeal could be dismissed *without further notice* if he failed to meet the statutory requirements. In his response, Appellant listed at least twelve cause numbers, but failed to provide the additional information the statute expressly requires. *See id.* § 14.004; *Douglas*, 418 S.W.3d at 340; *Amir-Sharif*, 243 S.W.3d at 857. Instead, citing Rule 2, Appellant asked this court to waive the statutory requirements and order the clerk of this court to obtain the information that we instructed Appellant *he* must provide. *See* TEX. R. APP. P. 2 (Suspension of Rules).

"The requirement to file the affidavit relating to previous filings is mandatory, and failure to file the affidavit is grounds alone to dismiss the suit." *Amir-Sharif*, 243 S.W.3d at 858 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.003); *see White v. Univ. of Tex. Med. Branch*, No. 04-02-00778-CV, 2003 WL 21010675, at *1 (Tex. App.—San Antonio May 7, 2003, no pet.) (mem.

op.). Appellant was required to file a separate affidavit containing all the information required by the statute. *See Amir-Sharif*, 243 S.W.3d at 858. Even after he was warned, he knowingly failed to provide the information required by statute and ordered by this court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004; *Douglas*, 418 S.W.3d at 340; *Amir-Sharif*, 243 S.W.3d at 857. We decline Appellant's invitation to expend judicial resources to satisfy a burden the legislature placed on him. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004; *Kennedy v. Staples*, 336 S.W.3d 745, 751 (Tex. App.—Texarkana 2011, no pet.) (addressing litigants' access to valuable judicial resources). Further, because Appellant failed to provide a complete affidavit of previous filings, we conclude the underlying cause is frivolous. *See Douglas*, 418 S.W.3d at 340 ("When an inmate does not provide a complete affidavit of previous filings, 'the trial court is entitled to assume the [current action] is substantially similar to one previously filed by the inmate, and therefore, frivolous.'" (alteration in original) (quoting *Bell v. Tex. Dep't of Criminal Justice-Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)).

Appellant's motion to waive the statutory requirements for an affidavit relating to previous filings is denied, and this appeal is dismissed.

Patricia O. Alvarez, Justice