Donald FOSTER, Appellant

v.

David WEST, James Anders, Eric C. Milbern, Kevin L. Schiwart, Robert A. Reyes III, and Tye D. McLaughlin, Appellees

NO. 02–16–00250–CV

Court of Appeals of Texas, Fort Worth.

DELIVERED: February 9, 2017

Donald Foster, (pro se).

---

**2.** Due to our disposition of issues one and three, we need not reach issues two and four.

*See* TEX. R. APP. P. 47.1.

Ken Paxton, Attorney General of Texas; Ariel Wiley, Assistant Attorney General, Austin, TX, for Appellees

PANEL: MEIER, GABRIEL, and SUDDERTH, JJ.

## OPINION

BILL MEIER, JUSTICE

Appellant Donald Foster, an indigent inmate proceeding pro se, seeks to appeal the trial court's order dismissing his civil lawsuit against Appellees David West, James Anders, Eric C. Milbern, Keven L. Schiwart, Robert A. Reyes III, and Tye D. McLaughlin. On August 11, 2016, we asked Foster to file an affidavit of previous filings in accordance with chapter 14 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a) (West Supp. 2016). We received an affidavit from Foster on August 25, 2016, but it did not include all of the information required by section 14.004(a). On September 26, 2016, we notified Foster that the affidavit was noncompliant and that this appeal may be dismissed if he did not file an affidavit by October 6, 2016, that complied with section 14.004. Foster sought additional time to comply, and we extended the due date to December 19, 2016. By letter dated October 28, 2016, Foster asked us to serve the Orange County Clerk with requests for certain documents related to prior lawsuits that he had filed in that county, but we informed Foster that we generally do not serve documents on behalf of parties to an appellate proceeding, *see* Tex. R. App. P. 9.5, and that we have no jurisdiction to compel a trial court to provide him with free copies of the documents. As of this date, Foster has not filed an amended, section 14.004–compliant affidavit of previous filings.

Chapter 14 of the civil practice and remedies code applies to a suit brought by an inmate who has filed "an affidavit or unsworn declaration of inability to pay costs." Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (West Supp. 2016). An inmate who has filed such an affidavit or declaration must also file "a separate affidavit or declaration" (1) that "identif[ies] each action, . . . , previously brought by the person and in which the person was not represented by an attorney" and (2) that "describ[es] each action that was previously brought," including the operative facts for which relief was sought, the case name, the cause number, the trial court, each party named in the action, and the result of the action. *Id.* § 14.004(a). When an inmate fails to provide a complete affidavit as required by section 14.004(a), a court is entitled to assume that the current action is substantially similar to a previous suit filed by the inmate and, therefore, subject to dismissal under section 14.003(a)(2) as frivolous. *Douglas v. Moffett*, 418 S.W.3d 336, 340 (Tex. App.–Houston [14th Dist.] 2013, no pet.); *Garrett v. Trapp*, No. 02–08–00186–CV, 2008 WL 5115227, at *2 (Tex. App.–Fort Worth Dec. 4, 2008, no pet.) (mem. op.); *see* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b)(4) (West 2002). Because the requirements of chapter 14 now expressly apply to an appeal in an appellate court, *see* Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a), we may dismiss an appeal when an indigent inmate fails to file an affidavit in compliance with section 14.004. *See id.* § 14.003(a)(2); *Rodarte v. Beneficial Tex., Inc.*, 482 S.W.3d 246, 248 (Tex. App.–San Antonio 2015, pet. denied), *cert. denied*, —— U.S. ——, 137 S.Ct. 308, 196 L.Ed.2d 226 (2016); *Douglas*, 418 S.W.3d at 338–41. However, we may do so only after giving the inmate an opportunity to cure the chapter 14 filing defect. *McLean v. Livingston*, 486 S.W.3d 561, 564–65 (Tex. 2016).

■ Foster's incomplete affidavit of previous filings does not describe the operative facts for which he sought relief. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(2)(A). Because Foster failed to comply with the requirements of section 14.004, and having previously given him an opportunity to cure the defect, we dismiss this appeal. *See Ex parte Alvarado*, No. 13–16–00514–CV, 2016 WL 6520179, at *1 (Tex. App.–Corpus Christi Nov. 3, 2016, no pet.) (mem. op.) (dismissing appeal for same reason); *Dunsmore v. Barrow*, No. 14–15–00572–CV, 2015 WL 7258506, at *2 (Tex. App.–Houston [14th Dist.] Nov. 17, 2015, no pet.) (mem. op.) (same); *Douglas*, 418 S.W.3d at 341 (same).