**Dismissed and Memorandum Opinion filed May 16, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-01030-CV

## ANTONIO DUDLEY, Appellant

### V.

## AMY KIEL, JESSICA KUHRE, JOEL BUTLER, AND ANDREW SMITH, Appellees

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2018-51073**

### MEMORANDUM OPINION

Appellant, an inmate, appeals the trial court's order of dismissal. In this appeal, appellant seeks to proceed without payment of costs. We conclude that appellant has failed to comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code and therefore dismiss his appeal without reaching the merits of his challenge to the trial court's order.

Because this case involves a suit brought by an inmate in a district court in

which the inmate filed an affidavit or unsworn declaration of inability to pay costs, the action is governed by Chapter 14 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a). Effective January 1, 2012, Chapter 14 of the Civil Practice and Remedies Code was amended so that its requirements regarding inmate litigation apply to actions filed in an appellate court. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (as amended, Chapter 14 applies to "an action, including an appeal or original proceeding, brought by an inmate in a district, county, justice of the peace, or small claims court or an appellate court, including the supreme court or the court of criminal appeals, in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate."); *see also Douglas v. Moffett*, 418 S.W.3d 336, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.)

"When an inmate litigant files an affidavit or unsworn declaration of inability to pay costs, Chapter 14 requires the inmate to file an additional affidavit or declaration setting forth specific details on all previous actions filed pro se, other than a suit brought under the Texas Family Code." *Id.* at 339 (citing Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)). This additional affidavit or unsworn declaration must be accompanied by a certified copy of the inmate's "trust account statement." Tex. Civ. Prac. & Rem. Code Ann. §§ 14.004(c), 14.006(f).

"The filings required under [C]hapter 14 are 'an essential part of the process by which courts review inmate litigation.'" *Douglas v. Turner*, 441 S.W.3d 337, 339 (Tex. App.—Waco 2013, no pet.) (quoting *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ)). Failure to file the required affidavit or declaration of previous filings or the inmate trust account statement can result in dismissal of the appeal. *See Moffett*, 418 S.W.3d at 340. When the inmate fails to comply with the affidavit requirements, the court may assume that the current action is substantially similar to one previously filed by the inmate and is frivolous. *Id.*

On appeal, appellant filed an affidavit of inability to pay costs. Appellant, however, did not file a certified copy of his inmate trust account statement with his affidavit of inability to pay costs, or an affidavit or declaration relating to previous filings.

On April 5, 2019, notification was transmitted to the parties of this court's intention to dismiss the appeal for failure to comply with Chapter 14 of the Civil Practice and Remedies Code unless appellant complied with Chapter 14 on or before , 2017. *See* Tex. R. App. P. 42.3(a). After being notified that this appeal was subject to dismissal unless he fulfilled all of the missing Chapter 14 requirements, appellant filed no response.

When an inmate fails to provide a complete affidavit as required by section 14.004(a), a court is entitled to assume that the current action is substantially similar to a previous suit filed by the inmate and, therefore, subject to dismissal under section 14.003(a)(2) as frivolous. *Moffett*, 418 S.W.3d 336, 340 (Tex. App.— Houston [14th Dist.] 2013, no pet.); *see* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b)(4). Because appellant failed to comply with the requirements of chapter 14 after having been given an opportunity to cure the defect, we dismiss this appeal. *See Foster v. West*, 514 S.W.3d 887 (Tex. App.—Fort Worth 2017, no pet.); *Dunsmore v. Barrow*, No. 14-15-00572-CV, 2015 WL 7258506, at *2 (Tex. App.– Houston [14th Dist.] Nov. 17, 2015, no pet.) (mem. op.).

PER CURIAM

Panel consists of Justices Wise, Jewell, and Hassan.