

NUMBER 13-18-00201-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**SALVADOR ZAVALA,**                                                                 **Appellant,**

**v.**

**JANET D. SALLES, ET AL.,**                                                       **Appellees.**

**On appeal from the 156th District Court
of Bee County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Salvador Zavala is an inmate housed in the Texas Department of Criminal Justice—Institutional Division (TDCJ—ID) in the McConnell Unit in Beeville, Texas. Zavala brought suit pro se and *in forma pauperis* for conversion against multiple defendants employed by TDCJ—ID. The trial court dismissed Zavala's claims with

prejudice pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014. Zavala argues that: (1) the trial court improperly dismissed his claims with prejudice and (2) the associate judge did not have authority to rule on the case because an objection was filed. We affirm.

## I. BACKGROUND

On October 10, 2017, Zavala filed a complaint regarding an incident where he alleged that a letter he attempted to send to the United Kingdom, containing a twenty-dollar bill, was wrongfully confiscated by appellees Janet Salles, Jennifer Smith, and Sharon Ruiz, employees of TDCJ—ID.

On September 11, 2017, the presiding Judge of the 4th Administrative Judicial Region, pursuant to Texas Government Code Chapter 74, assigned Judge Joel Johnson to preside in the 156th District Court. On November 16, 2017, Zavala was sent a "notice of assignment" which notified him of the appointment of Judge Johnson to his case.

On January 8, 2018, the Office of the Attorney General filed an amicus curiae motion to dismiss. On March 26, 2018, the trial court dismissed this case for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. This appeal followed.

## II. DISCUSSION

In his first issue, Zavala argues that the trial court abused its discretion by dismissing his claim.

### A. Applicable Law and Standard of Review

We review a trial court's dismissal under Chapter 14 for an abuse of discretion. *See Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no

2

pet.); *Jackson v. Tex. Dep't of Crim. Justice—Inst. Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi–Edinburg 2000, pet. denied). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding principles or rules. *Brewer v. Collins*, 857 S.W.2d 819, 822 (Tex. App.—Houston [1st Dist.] 1993, no writ); *see Clark v. J.W. Estelle Unit*, 23 S.W.3d 420, 421 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).

Chapter 14 of the Texas Civil Practice and Remedies Code governs lawsuits brought by an inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a); *Donaldson v. Tex. Dep't of Crim. Justice—Corr. Insts. Div.*, 355 S.W.3d 722, 724 (Tex. App.—Tyler 2011, pet. denied); *In re Simmonds*, 271 S.W.3d 874, 876 (Tex. App.—Waco 2008, orig. proceeding). An inmate who seeks to file a suit under Chapter 14 must: (1) file an affidavit or unsworn declaration detailing all prior pro se lawsuits filed by the inmate; (2) an affidavit or unsworn declaration stating the date the grievance was filed and the date the written decision was received by the inmate; and (3) a certified copy of the inmate's trust account statement, reflecting the balance of the account at the time the claim was filed and activity in the account during the six months preceding the date the claim is filed. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(a)(1), 14.005(a)(1), 14.006(f).

A trial court may dismiss an inmate's claim, either before or after service of process, on any number of grounds, including an inmate's failure to comply with the procedural requirements. *See id.* §§ 14.003–.006; *Scott v. Gallagher*, 209 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Additionally, a trial court has the discretion to dismiss an inmate's lawsuit if the allegation of poverty in the indigence

3

affidavit is false. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(1). The trial courts are given broad discretion to determine whether a suit brought by an inmate should be dismissed because: (1) prisoners have a strong incentive to litigate; (2) the government bears the costs of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *See Montana v. Patterson*, 894 S.W.2d 812, 814–15 (Tex. App.—Tyler 1994, no writ).

As noted, to enable the trial court to determine whether an inmate is indigent, the inmate is required to file a certified copy of his inmate trust account "reflect[ing] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(f). "A prisoner at a Texas Department of Criminal Justice facility who has no money or property is considered indigent." *Donaldson*, 355 S.W.3d at 725; *McClain v. Terry*, 320 S.W.3d 394, 397 (Tex. App.—El Paso 2010, no pet.). "However, '[a]n inmate who has funds in his trust account is not indigent.'" *Donaldson*, 355 S.W.3d at 725 (quoting *McClain*, 320 S.W.3d at 397); *but see Leachman v. Stephens*, No. 02-13-00357-CV, 2016 WL 6648747, at *12 (Tex. App.—Fort Worth Nov. 10, 2016, pet. denied) (mem. op.) (noting that "[c]omplete destitution is not a prerequisite to establishing indigence" and rejecting appellees' argument that "only inmates with no money are considered indigent").

B.      **Chapter 14 Dismissal**

A trial court does not abuse its discretion in dismissing a suit when the plaintiff makes a false allegation of poverty. *See McClain*, 320 S.W.3d at 397. In this case, Zavala's account statement shows total deposits of $660.00 during the six months

4

preceding the date on which his claim was filed, a six-month average balance of $91.82, and a six-month average of monthly deposits of $110.00, with a final balance of $5.14 at the time the suit was filed. Accordingly, because Zavala had funds in his trust account, the trial court did not abuse its discretion in dismissing his lawsuit on the basis that his indigence affidavit contained a false statement of poverty. *See Donaldson*, 355 S.W.3d at 725 (holding no abuse of discretion in dismissing inmate claim for false allegation of poverty where average monthly balance was $63.42 and deposits in six-month period totaled $1,020.00); *McClain*, 320 S.W.3d at 398 (holding same where account had a then-current balance of $103.92 and a six-month average balance of $184.92); *see also Zavala v. Matthew*, No. 13-17-00009-CV, 2018 WL 286257, at *2 (Tex. App.—Corpus Christi–Edinburg Jan. 4, 2018, pet. denied) (mem. op.) (holding same where account had zero balance as of date of account statement, but six-month average balance was $33 and six-month average monthly deposits were $75.33).

Additionally, under Chapter 14, a trial court may dismiss a claim by an inmate if the court finds the claim to be frivolous or malicious. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2). An inmate who files a lawsuit under Chapter 14 must file an affidavit or declaration that satisfies the requirements of § 14.004. *Id*. § 14.004. Pursuant to § 14.004, an inmate must file an affidavit or declaration "identifying each action, other than an action under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the action was brought" and "describing each action that was previously brought." *Id*. This declaration assists the trial court in determining whether a suit is malicious or frivolous. *Gowan v. Tex. Dep't of Crim. Justice*, 99 S.W.3d 319, 321 (Tex.

5

App.—Texarkana 2003, no pet.). When an inmate does not comply with the requirements of § 14.004, the trial court is entitled to assume that the suit is substantially similar to one previously filed by the inmate and, therefore frivolous. See *Clark*, 23 S.W.3d at 422; *Bell v. Tex. Dep't of Crim. Justice—Inst.I Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

While Zavala did file a declaration of previously filed lawsuits, he failed to identify and describe five additional previously filed lawsuits. The purpose of Chapter 14 is to curb often duplicative inmate litigation by requiring inmates filing lawsuits to notify the court of previous litigation and the outcome. *Hickman v. Adams*, 35 S.W.3d 120, 123 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The Office of the Attorney General, in its amicus curiae motion to dismiss, notified the court that Zavala omitted several previously filed lawsuits. Accordingly, the trial court did not err in dismissing Zavala's suit as frivolous under § 14.003 because his affidavit relating to previous filings was inadequate. *See Rodarte v. Beneficial Tex., Inc.*, 482 S.W.3d 246, 248 (Tex. App.—San Antonio 2015, pet. denied) (concluding that the underlying case was frivolous and properly dismissed because inmate failed to provide a complete affidavit of previous filings); *Thompson v. Rodriguez*, 99 S.W.3d 328, 330 (Tex. App.—Texarkana 2003, no pet.) (concluding that because the inmate's affidavit of previous filings was not sufficient to comply with § 14.004, the trial court was within its discretion to dismiss inmate's suit). We overrule Zavala's first issue.

## C.    Objection to an Associate Judge

In Zavala's second issue, he contends that the judge assigned to the case should have been disqualified because he filed a timely objection to the appointment. *See* TEX.

6

GOV'T CODE ANN. § 74.053 ("If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case."). Once a party files a timely objection to an assigned associate judge, the judge is automatically disqualified as a matter of law, even if the judge is unaware of the objection. *See id.; In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001) (orig. proceeding); *see also In re M.A.S.,* No. 05-03-00401-CV, 2005 WL 1039967, at *2 (Tex. App.—Dallas May 5, 2005, no pet.) (mem. op.).

However, Judge Johnson, assigned by the 4th Administrative Judicial Region, was not an associate judge, but rather an assigned senior judge. The distinction is that associate judges are appointed by a judge of a court to perform duties authorized by Chapter 54A of the Texas Government Code and, on the other hand, assigned judges are active, retired, or senior judges that are assigned to a court by the administrative judge of the judicial region pursuant to Chapter 74 of the Texas Government Code. TEX. GOV'T CODE ANN. §§ 54A.102, 74.045, 74.052.

The objection which Zavala relies on was contained in his original complaint, which was filed a month before the assignment of Senior Judge Johnson to the case. Chapter 74 of the Texas Government Code mandates that objections to an assigned judge must be filed after the assignment of a judge to whom a party objects. *See* TEX. GOV'T CODE ANN. § 74.053(c) ("An objection under this section must be filed not later than the seventh day *after* the date the party receives actual notice of the assignment or before the date the first hearing or trial, including pretrial hearings, commences, whichever date occurs earlier.") (emphasis added). On October 10, 2017, when Zavala filed his original complaint, there was no associate judge or judge assigned to his case; therefore, at that time, he did not have a right to object to the assignment.

7

Furthermore, once Judge Johnson had been assigned to the case, nothing in the record indicates that Zavala objected to the appointment. A party waives an objection when it participates in a proceeding without advising the assigned judge that an objection was filed. *See In re Approximately $17,239.00*, 129 S.W.3d 167, 168 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (holding that the party waived its objection to assignment of trial judge by failing to inform the judge of the objection that was timely filed); *Tex. Emp't Comm'n v. Alvarez*, 915 S.W.2d 161, 163 (Tex. App.—Corpus Christi–Edinburg 1996, no writ) (stating that an objection to the judge was not effective because it failed to specify the name of the judge and the party proceeded to trial without mentioning the objection). Zavala has not demonstrated that he filed and presented his objection to the appointment of Senior Judge Johnson. Therefore, Zavala has failed to preserve this issue for appeal. *See* TEX. R. APP. P. 33.1. We overrule Zavala's second issue.

### III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed the
3rd day of July, 2019.

8