**Dismissed and Memorandum Opinion filed August 15, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00508-CV

---

### JUSTIN JOHNSON, Appellant

### V.

### BRIAN COLLIER, BRYAN COOPER, D. SIMS, TIMOTHY C. JONES, AND STEVE MASSIE, Appellee

---

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 103018-I**

---

### MEMORANDUM OPINION

Appellant, an inmate, appeals the trial court's order dismissing his case as frivolous pursuant to section 14.005 of the Texas Civil Practice and Remedies Code. Appellant seeks to proceed without payment of costs. We conclude that appellant has failed to comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code and therefore dismiss his appeal without reaching the merits of his challenge to the trial court's order.

Because this case involves a suit brought by an inmate in a district court in which the inmate filed an affidavit or unsworn declaration of inability to pay costs, the action is governed by Chapter 14 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a). Effective as of January 1, 2012, Chapter 14 of the Civil Practice and Remedies Code was amended so that its requirements regarding inmate litigation apply to actions filed in an appellate court. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (as amended, Chapter 14 applies to "an action, including an appeal or original proceeding, brought by an inmate in a district, county, justice of the peace, or small claims court or an appellate court, including the supreme court or the court of criminal appeals, in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate."); *see also Douglas v. Moffett*, 418 S.W.3d 336, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

"When an inmate litigant files an affidavit or unsworn declaration of inability to pay costs, Chapter 14 requires the inmate to file an additional affidavit or declaration setting forth specific details on all previous actions filed pro se, other than a suit brought under the Texas Family Code." *Id.* at 339 (citing Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)); *see also Douglas v. Porter*, No. 14–10–00055–CV, 2011 WL 1601292, at *2–3 (Tex. App.—Houston [14th Dist.] Apr. 26, 2011, pet. denied) (mem. op.). This additional affidavit or unsworn declaration must be accompanied by a certified copy of the inmate's "trust account statement." Tex. Civ. Prac. & Rem. Code Ann. §§ 14.004(c), 14.006(f).

"The filings required under [C]hapter 14 are 'an essential part of the process by which courts review inmate litigation.'" *Douglas v. Turner*, 441 S.W.3d 337, 339 (Tex. App.—Waco 2013, no pet.) (quoting *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ)). Failure to file the required affidavit or

declaration of previous filings and the inmate trust account statement can result in dismissal of the appeal. *See Moffett*, 418 S.W.3d at 340. When the inmate fails to comply with the affidavit requirements, the court may assume that the current action is substantially similar to one previously filed by the inmate and is frivolous. *Id.*

On appeal, appellant filed neither a certified copy of his inmate trust account statement with his affidavit of inability to pay costs nor an additional affidavit or declaration relating to previous filings.

On July 26, 2019, we notified the parties of this court's intention to dismiss the appeal for failure to comply with Chapter 14 of the Civil Practice and Remedies Code unless appellant complied with Chapter 14 on or before August 7, 2019. *See* Tex. R. App. P. 42.3(a). After being notified that this appeal was subject to dismissal unless he fulfilled all of the missing Chapter 14 requirements, appellant filed a response in which he argued the merits of the appeal, but failed to file a copy of his previous filings or his inmate trust account.

When an inmate fails to provide a complete affidavit as required by section 14.004(a), a court is entitled to assume that the current action is substantially similar to a previous suit filed by the inmate and, therefore, subject to dismissal under section 14.003(a)(2) as frivolous. *Moffett*, 418 S.W.3d 336, 340 (Tex. App.–Houston [14th Dist.] 2013, no pet.); *see* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b)(4). Because appellant failed to comply with the requirements of chapter 14 after having been given an opportunity to cure the defect, we dismiss this appeal. *See Foster v. West*, 514 S.W.3d 887 (Tex. App.—Fort Worth 2017, no pet.); *Dunsmore v. Barrow*, No. 14–15–00572–CV, 2015 WL 7258506, at *2 (Tex. App.–Houston [14th Dist.] Nov. 17, 2015, no pet.) (mem. op.).

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Zimmerer.